**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 22-cv-03043-RM

EVA DALEY,

    Petitioner,

v.

JOHNNY CHOATE, in his official capacity as Warden of the Aurora Contract Detention Facility owned and operated by GEO Group, Inc.,
JASON KNIGHT, in his official capacity as Acting Field Office Director, Denver, U.S. Immigration & Customs Enforcement,
ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security,
TAE D. JOHNSON, in his official capacity as Acting Director of Immigration & Customs Enforcement, and
MERRICK GARLAND, in his official capacity as Attorney General, U.S. Department of Justice,

    Respondents.

---

**ORDER**

---

    Before the Court is Petitioner's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA") (ECF No. 20), which has been fully briefed (ECF Nos. 21, 22). *See* 28 U.S.C. § 2412. The Motion follows the Court's January 6, 2023, Order (ECF No. 18), which granted Petitioner's request for habeas relief in the form of an individualized bond hearing and permitted the filing of a motion for attorney fees that complies with the applicable rules. The Motion is granted for the reasons below.

**I.      BACKGROUND**

Petitioner was born in Guatemala and migrated to the United States when she was twelve. She spent fourteen years in the California Penal System following a conviction for second degree murder that was later vacated and replaced with a conviction with assault with a deadly weapon, not a firearm. Upon being granted parole in November 2021, she was detained by Immigration and Customs Enforcement and placed in a detention facility in Aurora, Colorado.

In October 2022, Petitioner obtained pro bono counsel, and she filed her petition for a writ of habeas corpus the following month. At that time, she had been in custody 386 days. Applying the six-factor balancing test used in this Circuit to determine whether a petitioner's prolonged detention had become unreasonable, the Court ruled that she was entitled to an individualized bond hearing.[1] That hearing was held in January 2023, and the immigration judge released Petitioner on a $1,500 bond. By then, she had been in custody for 450 days.

Petitioner's timely Motion followed.

**II.     LEGAL STANDARD**

The EAJA provides for an award of attorney fees to a prevailing party in any civil action, brought by or against the United States, unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The test for substantial justification "is one of reasonableness in law and fact."

---

[1] Sometimes referred to as the *Singh* factors in this District, these are: (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Singh v. Garland*, No. 21-cv-00715-CMA, 2021 WL 2290712, at *4 (D. Colo. June 4, 2021) (unpublished).

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation omitted). "The government's 'position can be justified even if it is not correct,'" but the burden is on the government to show that its position was substantially justified. *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

### III.  ANALYSIS

Respondents do not dispute that Petitioner is the prevailing party in the habeas proceeding or challenge the timeliness of the request for fees or the reasonableness of the fees and costs requested.[2] These requirements for a petitioner to be eligible to recover under the EAJA are not at issue, and the Court finds they are satisfied. Rather, Respondents argue that habeas petitions challenging detention under 28 U.S.C. § 2241 are not civil actions under the EAJA, and therefore the doctrine of sovereign immunity bars the recovery of attorney fees here. They also argue that a fee award is not appropriate because the positions they have taken in these proceedings were substantially justified.

#### A.  Sovereign Immunity

Respondents' sovereign immunity argument turns on whether Petitioner's habeas proceeding is a civil action under the EAJA. But even though differences exist between general civil litigation and habeas corpus proceedings, the Court agrees with Petitioner that habeas petitions in the immigration context are civil actions under the EAJA.

This issue was thoroughly addressed in a recent opinion by United States District Judge Charlotte N. Sweeney, *Arias v. Choate*, No. 22-cv-02238-CNS, 2023 WL 4488890, at *2-5

---

[2] Nor is there any dispute that Petitioner's net worth does not exceed two million dollars or that special circumstances make an award unjust.

(D. Colo. July 12, 2023), issued after the Motion and related briefing were filed in this case. Recognizing that the scope of the EAJA's immunity waiver is not well-settled in this Circuit with respect to habeas petitions in immigration proceedings, Judge Sweeney considered the same split of authority that animates the parties' arguments here.

Essentially, cases from the Second and Ninth Circuits have concluded that in immigration habeas proceedings, both the underlying claim and the habeas proceeding are civil proceedings within the ambit of the EAJA. *See id.* at *3 (citing *Vacchio v. Ashcroft*, 404 F.3d 663, 670-72 (2d Cir. 2005); *In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1995)).  Meanwhile, cases from the Fourth and Fifth Circuits have concluded that due to the hybrid nature of habeas petitions, they do not fall under the EAJA's "any civil action" provision. *See id.* at *4 (citing *Obando-Segura v. Garland*, 999 F.3d 190, 194 (4th Cir. 2021); *Barco v. White*, 65 F.4th 782, 785 (5th Cir. 2023)).

The Court agrees with Judge Sweeney's assessment that immigration habeas petitions "meaningfully differ from the criminal habeas petitions that courts have held cannot recover fees under the EAJA" and that the reasoning behind the Second and Ninth Circuit cases is more persuasive. *Id.*  An immigration habeas proceeding, such as Petitioner's, does not bear the hallmarks of a criminal proceeding. *See Arias*, 2023 WL 4488890, at *4; *see also Sloan v. Pugh*, 351 F.3d 1319, 1323 (10th Cir. 2003) (concluding that a habeas petition challenging confinement *arising from a criminal judgment* is not a civil action under the EAJA).  For example, a petitioner who files a habeas petition that arises from a criminal judgment may be eligible for appointed counsel. *See Ewing v. Rodgers*, 826 F.2d 967, 971 (10th Cir. 1987).  But few noncitizens challenge their confinement via habeas proceedings due to a lack of access to counsel, an issue the EAJA was meant to address. *See Arias*, 2023 WL 4488890, at *5.  Thus,

4

the rationale behind *Obando-Segura* and *Barco*—namely, that civil immigration and criminal habeas proceedings should be treated uniformly—is in tension with Tenth Circuit caselaw and certain policies behind the EAJA.  Accordingly, the Court accepts Judge Sweeney's careful analysis of this issue and rejects Respondents' contention that the EAJA's waiver of sovereign immunity does not apply in this case.

      B.      **Substantially Justified**

Respondents also contend that attorney fees should not be awarded under the EAJA because the positions they took in these proceedings were substantially justified.  First, they contend that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) because of her conviction.  But several courts in this District have rejected this argument, finding that mandatory detention pursuant to § 1226(c) without an individualized bond hearing had become unconstitutionally prolonged where a petitioner was detained for comparable lengths of time. *See, e.g.*, *Sheikh v. Choate*, No. 22-cv-01627-RMR, 2022 WL 17075894, at *3 (D. Colo. July 27, 2022) (unpublished) (393 days); *Singh v. Garland*, No. 21-cv-00715-CMA, 2021 WL 2290712, at *4 (D. Colo. June 4, 2021) (unpublished) (4 years); *Villaescusca-Rios v. Choate*, No. 20-cv-03187-CMA, 2021 WL 269766, at *3 (D. Colo. Jan. 27, 2021) (unpublished) (30 months); *Singh v. Choate*, No. 19-cv-00909-KLM, 2019 WL 3943960, at *5 (D. Colo. Aug. 21, 2019) (unpublished) (20 months).  Thus, the clear legal trend within this District should have made Respondents aware—even in the absence of binding Supreme Court or Tenth Circuit precedent—that their position was not substantially justified.  *See Arias*, 2023 WL 4488890, at *7 ("Respondents knew that courts in this District have repeatedly and unequivocally found

detention under 8 U.S.C. § 1226(c) without an individualized bond hearing unreasonable, and detention for approximately a year or more constitutionally unreasonable.").

Second, this is not a case where the application of the six *Singh* factors resulted in a close call and the government merely got it wrong. The Court found three of the factors weighed in Petitioner's favor and three were neutral, so Respondents did not prevail on a single factor. Under the circumstances, Respondents have not shown that their continued insistence that Petitioner was not entitled to a bond hearing was substantially justified.

## IV.   CONCLUSION

Accordingly, the Court finds there is sufficient basis to GRANT the Motion (ECF No. 20) and ORDERS Respondents to pay the Petitioner her reasonable attorney fees, including fees for time spent preparing her Reply brief, in the amount of $18,553.92.

DATED this 7th day of March, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge